In the Matter of the Estate of John Kraft, Deceased.
In the Matter of the Application of Frank H. Mackintosh to Fix and Determine His Compensation as an Attorney for Services Rendered to the Estate of John Kraft, Deceased.

Surrogate's Court, Westchester County, February 4, 1938.

*John R. Jones*, for the petitioner.

*William J. McArthur*, for the United States Fidelity & Guaranty Company.

Millard, S. Heretofore petitioner made application, pursuant to section 231-a of the Surrogate's Court Act, for the fixation of his fees for legal services rendered to this estate. On June 4, 1937, pursuant to a decision of this court, a decree was made directing the administrators to pay the sum of $3,000 to the petitioner as and for his fees together with $17.97 disbursements. A transcript of said decree was filed in the office of the clerk of this county on June 23, 1937. An appeal from said decree was taken and on November 29, 1937, said decree was unanimously affirmed. (252

App. Div. 887.) On December 8, 1937, execution was issued to the sheriff of said county, in which the administrators reside, and returned unsatisfied.

In a proceeding brought under section 115-a of the Surrogate's Court Act, petitioner now seeks to have the liability of the surety on the bond of the administrators fixed and determined, particularly with reference to his fee and disbursements and that the surety be directed to pay the amount so determined.

It is conceded that there has been no accounting in this estate. The moving papers contain no allegations with reference to the assets but the transfer tax report heretofore filed in this office shows that the assets of the estate consist of real property having a value of $220,528.50 and $887.49 in personalty.

The United States Fidelity & Guaranty Company is the surety on the bond of the administrators in the sum of $5,000. It opposes the application on the following grounds:

*First.* That the proceeding is premature in that no accounting has been had;

*Second.* That the liability of the surety is limited to the amount of personalty that came into the possession of the administrators — to wit: $887.49.

The bond as filed herein by said surety company was the usual administrator's bond as required by section 121 of the Surrogate's Court Act and was conditioned as follows: "That if the above bounden William D. Kraft and John Kraft, Jr., shall faithfully execute the trust reposed in them as Administrators of all and singular the goods, chattels and credits of John Kraft, deceased, late of Bronxville, N. Y., and obey all lawful decrees and orders of the Surrogate's Court of the County of Westchester touching the administration of the estate committed to them then this obligation to be void, else to remain in full force and virtue."

In answer to the contention of the surety that the administrators have insufficient personal assets with which to pay the petitioner's judgment, and, consequently, the liability of the surety is limited accordingly, petitioner refers to section 79 of the Surrogate's Court Act which provides, in effect, that a decree directing payment of money by an administrator, etc., is conclusive evidence that there are sufficient funds in his hands to satisfy the sum which the decree directs him to pay. He contends that, in view of the provisions of section 79, the surety cannot be heard on the question of whether or not there are sufficient personal assets in the hands of the administrators and that the decree in question, having been affirmed on appeal, both the administrators and the surety are conclusively bound thereby.

Regardless of the provisions of section 79 of the Surrogate's Court Act, the liability of a surety upon the bond of an administrator must be limited to the amount of the assets which have, or should have, come into *the hands* of the administrator. (Surr. Ct. Act, § 121; *Matter of Gellis*, 141 Misc. 432, 440.) The amount of such assets, however, cannot be determined until there has been an accounting. At present there is nothing before the court, excepting the estate tax proceeding, which shows the amount of the assets of this estate or the nature thereof.

Without attempting to decide whether section 79 is an absolute bar to the defenses interposed by the surety, under the circumstances in this case and in the exercise of the discretion of the court, I direct that the administrators prepare and file their account within twenty days after the service upon them of an order to that effect. In the interim, the present application will be held in abeyance.

Submit order on notice.